**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | | |
|---|---|---|
| **REBEKAH G. FITZSIMMONS, et al.,** | **)** | |
| | **)** | |
| **Plaintiffs,** | **)** | |
| | **)** | |
| **v.** | **)** | **CIVIL ACTION 09-0328-WS-M** |
| | **)** | |
| **C.B. FLEET COMPANY, INC.,** | **)** | |
| | **)** | |
| **Defendant.** | **)** | |

**ORDER**

This matter is before the Court on the plaintiffs' motion to remand, (Doc. 3), the plaintiffs' motion to transfer venue, (Doc. 9), and the defendant's motion to stay. (Doc. 12). The parties have filed briefs in support of their respective positions, (Docs. 4, 8, 10-11, 15, 18), and the motions are ripe for resolution.

The defendant argues that the Court should stay proceedings, including resolution of the plaintiffs' motions, pending transfer to the MDL Court. The defendant recognizes the approach the Court has taken to such motions,[1] but it does not effectively distinguish them. Because the proper resolution of the plaintiffs' motion to transfer is immediately clear, under the reasoning of the cited cases the motion to stay is **denied**.

The defendant removed this action from the Circuit Court of Montgomery County to the Southern District of Alabama. Montgomery County lies within the geographical boundaries of the Middle District of Alabama, not the Southern District.

An action "may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). The defendant "shall file" the notice of removal "in the district court of the United States for the district and division within which such

---

[1]*Betts v. Eli Lilly & Co.*, 435 F. Supp. 2d 1180 (S.D. Ala. 2006); *Moton v. Bayer Corp*., 2005 WL 1653731 (S.D. Ala.2005).

action is pending." *Id*. § 1446(a). The defendant did not do so, and the plaintiffs timely objected, in both their motion to remand and their motion to transfer venue.

"[W]e hold ... that failure to comply with the geographic requirements of § 1441(a) is a procedural defect that does not deprive a district court of subject matter jurisdiction in a removed case." *Peterson v. BMI Refractories*, 124 F.3d 1386, 1394 (11th Cir. 1997). Even a procedural defect can be made the basis of a motion to remand, 28 U.S.C. § 1447(c), and the plaintiffs initially requested remand. (Doc. 3 at 1; Doc. 4 at 1, 5, 7, 11). In their reply brief, however, they requested transfer, (Doc. 10 at 3), and they filed a motion to transfer. (Doc. 9). The defendant agrees that the proper remedy is transfer. (Doc. 8 at 7). Finally, the only relevant authority cited to the Court — by the plaintiffs, (Doc. 10 at 3) — supports transfer rather than remand. "When a case is removed to the wrong district, the mistake does not require remand and the interest of justice requires that the action be transferred to the district court of proper venue." *S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 493 n.3 (5th Cir. 1996).[2]

When venue is laid in the wrong district, the court "shall dismiss, or if be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). The cited cases approved of transfer under Section 1406(a) to the district to which the action should have been removed, and the Court does likewise. The motion to transfer is **granted**. This action is **transferred** to the Middle District of Alabama.

---

[2]While *Infax* and the case on which it relied involved removal to the wrong division within the correct district, *Kreimerman v. Casa Veercamp, S.A. de C.V.*, 22 F.3d 634, 644-45 (5th Cir. 1994), other cases have applied them to removals to the wrong district. *Scoular Co. v. DJCB Farm Partnership*, 2009 WL 2241592 at *2-3 (E.D. Ark. 2009); *St. Paul Fire & Marine Insurance Co. v. Architron Designers and Builders, Inc.*, 2007 WL 757910 at *1 (E.D.N.Y. 2007); *MBL Life Assurance Corp. v. Lampert Plans, Inc.*, 1996 WL 494900 at *1 (S.D.N.Y. 1996).

DONE and ORDERED this 31st day of July, 2009.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE